Alan N. Jensen County Attorney Board of County Commissioners Courthouse Pueblo, Colorado 81003
Dear Mr. Jensen:
In your letter to me dated May 23, 1979, you inquire whether Joseph Losavio, District Attorney for the Tenth Judicial District, should receive reimbursement from the State for legal fees incurred by him in the defense of criminal charges arising out of the discharge of his official duties. According to the information provided by you, Pueblo County does reimburse county officials for legal fees of this nature if certain criteria are met.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Should Joseph Losavio, District Attorney for the Tenth Judicial District, receive reimbursement from the State for legal fees incurred by him in the defense of criminal charges arising out of the discharge of his official duties?
 In my opinion, Mr. Losavio would not be entitled to receive reimbursement from the State for the legal fees he incurred for the defense of the criminal prosecution brought against him.
ANALYSIS
C.R.S. 1973, 20-1-306 apportions the payment of salaries of district attorneys between the state and the counties as follows:
 The salaries of district attorneys of the several judicial districts of the state as set forth in section 20-1-301 shall be paid in twelve equal monthly installments of which the state shall contribute eighty per cent . . . and the counties making up each district the balance . . . .
C.R.S. 1973, 20-1-306. (Emphasis added.)
Insofar as expenses are concerned, however, C.R.S. 1973, 20-1-303
provides as follows:
 Except as otherwise specifically provided, the district attorney of each judicial district in the State of Colorado, and each of his assistants and deputies, shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county.
C.R.S. 1973, 20-1-303. (Emphasis added.) Since there is no specific, substantive legislation relating to or authorizing payment by the State of expenses incurred by the district attorney in the discharge of his official duties, no funds for such reimbursement could be properly appropriated.
Nor was Mr. Losavio entitled to legal representation by the State for the defense of the criminal prosecution brought against him despite his status as a state official. Therefore he is not entitled to reimbursement by the State for legal expenses incurred for payment of his private counsel.
Representation for and expenses incurred in the defense ofcivil actions brought against a state employee or official are set forth in C.R.S. 1973, 24-10-101 etseq. Specifically, C.R.S. 1973, 24-10-110 provides that the State shall provide for all costs of defense of an action brought against a state employee when such claim rises out of injuries sustained from an act or omission occurring during the performance of official duties and within the scope of employment, except when such act or omission is willful or wanton. If acts outside the scope of employment or willful or wanton acts are alleged, the employee may hire private counsel to defend those charges if the State chooses not to defend them. Further, if the acts are found at trial to be within the scope of employment or not willful or wanton, the State is liable for reasonable attorneys' fees incurred by the employee. I infer from the legislature's specific omission of criminal actions from this detailed discussion of legal representation of state employees that the legislature determined that the State will not provide legal representation for state employees to defend criminal actions brought against them.
Finally, the requirement that the attorney general's office provide legal representation upon request of a state employee within the personnel system[1] is restricted specifically to civil proceedings and does not apply to the situation herein. C.R.S. 1973, 24-31-101(4).
SUMMARY
I therefore conclude that in the absence of substantive legislation providing either for legal representation by the State for the defense of a criminal action brought against a state employee or for reimbursement for legal expenses incurred in providing such defense, the State is unauthorized to provide such reimbursement.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC OFFICERS
C.R.S. 1973, 20-1-303
C.R.S. 1973, 20-1-306
C.R.S. 1973, 24-10-101 et seq. C.R.S. 1973, 24-31-101
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of DISTRICT ATTORNEYS DEPT.
Absent specific legislation, a state official charged criminally in his official capacity, is not entitled to legal representation by the state, or to reimbursement for legal fees incurred in his defense.
[1] It should be noted that as an elected official, Mr. Losavio is not within the state personnel system.